IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERICA N. STEWART                                                PLAINTIFF

V.                                                          CAUSE NO. 3:16-CV-744-CWR-LRA

TAROLD DURHAM; BELHAVEN                               DEFENDANTS
UNIVERSITY

## ORDER

Before the Court is Tarold Durham's motion to dismiss. Docket No. 27. The matter is fully briefed and ready for review.

### I. Factual and Procedural History

The factual allegations are drawn from the complaint and taken as true for present purposes.

In November 2015, Erica Stewart interviewed for a job in the Online Admissions Department of Belhaven University. Tarold Durham, the director of Online Admissions, conducted the interview.

Stewart says that at some point in her application process Durham made sexual advances toward her via social media and text messages. The advances culminated in Durham sending Stewart a text message containing a photo of an erect penis. Durham allegedly wanted sexual favors in exchange for a job offer.

Stewart refused the advances. In January 2016, she learned that the vacancy was no longer available. She filed a claim with the EEOC, then commenced suit in this Court.

In her complaint, Stewart alleges that Durham and Belhaven are liable for sexual harassment and retaliation in violation of Title VII, intentional and negligent infliction of

emotional distress, and negligent supervision. She takes special offense at this conduct having occurred at a Christian university.

Durham's motion to dismiss contends that Stewart has failed to state a claim.

## II. Legal Standard

When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## III. Discussion

Stewart concedes that her Title VII claims against Durham fail because Durham was not an "employer" under the statute. What remains are her state-law claims for intentional and negligent infliction of emotional distress.

"A claim for intentional infliction of emotional distress will not ordinarily lie for mere employment disputes." *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So. 2d 845, 851 (Miss. 2001) (citations omitted). "To justify a finding that this tort has occurred, the defendant's conduct must be wanton and wilful and it would evoke outrage or revulsion." *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001) (quotation marks and citation omitted).

> Among the kind of actions that have been found to evoke such outrage were a plot by a girlfriend and her parents to hide the child of an unwed father, arranging for the baby to be adopted by strangers while the father pursued a custody suit. In another suit a car dealership forged a customer's name on a sales contract and sold the contract to a finance company, resulting in the customer's credit being damaged. Contrarily, what is not sufficient have been such actions as a law firm breaching an employment contract with an attorney, locking him out, refusing him secretarial support and dropping his name from the firm sign.

*Id.* (citations omitted). In short, a plaintiff must allege conduct that is "seen as intolerable, outrageous or revolting" to "an observer of ordinary sensibilities." *Id.* at 630-31 (quotation marks omitted).

Durham contends that his conduct falls short of this high standard. The fact that Belhaven is a Christian university is irrelevant to the legal standard, he adds.

Sexual advances and harassment in the workplace are nothing new. *See, e.g.*, *Moore v. Cricket Commc'ns, Inc.*, 764 F. Supp. 2d 853, 858 (S.D. Tex. 2011) (involving display of nude photograph to coworker); *E.E.O.C. v. IPS Indus., Inc.*, 899 F. Supp. 2d 507, 519 (N.D. Miss. 2012) (involving "unwanted physical advances"); *Snapp v. Ruan Transp. Corp.*, No. 1:05-CV-77-M-D, 2006 WL 2455922, at *2, *15 (N.D. Miss. Aug. 22, 2006) (involving explicit photographs and physical advances); *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 804 (11th Cir. 2010) (involving explicit photographs and vulgar conduct "humiliating and degrading to women"); *see also* Deborah S. Brenneman, *From A Woman's Point of View: The Use of the Reasonable Woman Standard in Sexual Harassment Cases*, 60 U. CIN. L. REV. 1281, 1297 (1992) ("Sexual harassment is a problem that is not only epidemic, it is pandemic, an everyday, everywhere occurrence.").

What has changed is the technological capability to make graphic sexual advances instantly—likely before our rational brains have a chance to understand the possible consequences. *See generally* DANIEL KAHNEMAN, THINKING, FAST AND SLOW (2011). The

3

increased ease of communication may lead to more, and more unusual, disputes which inevitably ask judges and juries to consider what kind of conduct inspires outrage in this day and age.

Durham argues that there was no job vacancy, no interview, and nothing outrageous about (allegedly) sending a photo of an engorged penis to a person who had been engaging in "flirtatious conversation" with him for weeks. But it is very difficult to accept his argument at the motion to dismiss stage.

Stewart never alleges that the photo sharing was consensual. Nor does she allege that the sharing took place between adults of equal status. Durham had power. He was the director of an office, interviewed Stewart for a vacancy, appeared to have authority to hire her, and wanted sex for the job. Under governing law, it is Stewart's allegations that must be taken as true at this point in the case. And her allegations are backed by the shocking photograph accompanied by the text message, "Can I get something for the interview?"

Durham is correct that the standard for intentional infliction of emotional distress is the same regardless of Belhaven's religious affiliation. But he is wrong about the outrageousness of his behavior. A jury reviewing sufficient evidence may agree with Stewart that it is outrageous and revolting to send unsolicited, non-consensual explicit photos in the employment context. *See, e.g.*, *Moore*, 764 F. Supp. 2d at 858 (finding that manager's display of nude photograph of himself to plaintiff was "hostile, abusive, and indeed outrageous conduct"); *Snapp*, 2006 WL 2455922, at *15 (accepting plaintiff's version of events at summary judgment stage and finding that supervisor's "sustained and bizarre campaign of stalking, harassment and deviant behavior would be more than sufficient to create genuine issues of material fact as to whether she is entitled to recover against him for IIED"); *Smith v. City of New Smyrna Beach*, No. 6:11-CV-1110-ORL-37, 2012 WL 6721002, at *8 (M.D. Fla. Dec. 27, 2012) ("Given the frequency and

severity of the unwelcome conduct, the humiliation, and the unreasonable interference with Plaintiff's performance, . . . a reasonable factfinder could conclude that the harassment was sufficiently severe."). As one article explained, "unsolicited dick pics that are sent as a form of harassment . . . [are] a serious problem. Consent is crucial when it comes to dick pics. Unsolicited dick pics and sexts are more than an annoyance—they make recipients feel unsafe and degraded." Alex Abad-Santos, *Anthony Weiner and the Rise of Dick Pics, Explained*, Vox (Aug. 30, 2016).[1]

For these reasons, Stewart may proceed with her intentional infliction of emotional distress claim.

We are left with Stewart's negligent infliction of emotional distress claim. On one hand, Stewart's complaint presents no facts to distinguish this claim from her intentional infliction count. On the other hand, Durham has presented no argument for dismissing this claim beyond his reasons for dismissing the intentional infliction count. On balance the better course of action is to deny the motion to dismiss and await further motion practice.

## IV.   Conclusion

The motion to dismiss is granted in part and denied in part.

**SO ORDERED**, this the 9th day of February, 2017.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[1] Discovery may reveal something quite different about the allegations, pictures, and text messages, but again, at this juncture, the Court must accept the allegations as true.

5