# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

ERICA N. STEWART                                                          PLAINTIFF

V.                                               CAUSE NO. 3:16-CV-744-CWR-LRA

TAROLD DURHAM; BELHAVEN UNIVERSITY                          DEFENDANTS

## ORDER

Before the Court is Tarold Durham's motion for summary judgment on the two state law claims lodged against him: intentional and negligent infliction of emotional distress. The matter is fully briefed and ready for review.

The background of this case was recited in an earlier Order and need not be repeated here. *See Stewart v. Durham*, No. 3:16-CV-744-CWR-LRA, 2017 WL 548994 (S.D. Miss. Feb. 9, 2017). The familiar summary judgment standard applies.

Durham faces claims that his sexual advances inflicted emotional distress upon Erica N. Stewart. In Mississippi, intentional infliction of emotional distress requires proof of "severe emotional distress as a direct result of the act/acts of the defendant." *J.R. ex rel. R.R. v. Malley*, 62 So. 3d 902, 906 (Miss. 2011) (italics and brackets omitted). Negligent infliction of emotional distress requires, unsurprisingly, "sufficient proof of emotional distress." *Adams v. U.S. Homecrafters, Inc.*, 744 So. 2d 736, 743 (Miss. 1999) (collecting cases).

Perhaps Durham's most egregious act was texting Stewart a picture of an engorged penis along with the message, "Your [job] interview will be next week. . . . Can I get something for the interview?" The advance was coarse, embarrassing, stupid, and as described by his counsel, "unbecoming of a married Christian father of twin boys." Be that as it may, the evidence does not show that it actually caused Stewart to suffer emotional distress.

The day after Durham sent the picture of the tumescent penis, Stewart replied, "you can get [a] hug and kiss after the interview!" She then added, "Sooo I found myself thinking about you." The two flirted back and forth: Durham called her "boo"; Stewart called him "Hun." When Durham wrote "I miss you," Stewart responded "I miss you too" and sent an emoji blowing him a kiss. She also revealed that she had once participated in a threesome, texting "I like stuff like that . . . so if you become my boo. Stuff like that comes with me." Later she wrote, "we can 'celebrate' once I get the job!" along with three winking emoji, and invited Durham to join her *and a friend* for a drink at a local restaurant.[1]

Needless to say these responses do not indicate distress. Stewart's deposition testimony confirms as much. Counsel opposite asked, "Now, by telling him you'll hug and kiss him, you don't sound particularly upset in your response about receiving the penis picture; is that correct?" Stewart answered, "No, I'm not -- I didn't sound upset." When asked again whether she was "upset in any way" over the photo, she replied "no."

Stewart's most compelling evidence of emotional harm came when she described what happened (1) after she filed her charge of discrimination with the EEOC, and (2) after she filed this lawsuit and held a press conference with her attorney, apparently to bring public attention to her claims. After each of those occurrences, third parties—allegedly friends of Durham—harassed her and, in at least one instance, posted revealing pictures of her on the internet.

That conduct may warrant causes of action against the responsible persons. Without evidence that the harassment and invasion of privacy were caused by Durham, though, it is not enough to proceed to trial against him.

---

[1] After the briefing on this motion closed, Stewart located and produced a nearly-nude, salacious selfie she had sent Durham. The supplemental production was vague as to the selfie's date, but Stewart's deposition testimony indicates that she sent Durham the selfie *before* he sent her the penis photo. In other words, Durham's pornographic photo of a penis was sent in *response* to Stewart's scantily-clad selfie.

The question today is not whether Durham's conduct was appropriate or "unsavory," the word Durham's counsel uses to describe Stewart's conduct. Nor is it whether Durham's behavior constituted sexual harassment in violation of Title VII. The issue is whether he intentionally or negligently caused Stewart to suffer emotional distress. The available evidence indicates that the answer is no.

The motion for summary judgment is granted.

**SO ORDERED**, this the 9th day of June, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE