# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

ERICA N. STEWART                                                                        PLAINTIFF

V.                                                              CAUSE NO. 3:16-CV-744-CWR-LRA

BELHAVEN UNIVERSITY                                                                    DEFENDANT

## ORDER

Belhaven University has moved to impose additional monetary sanctions on Erica N. Stewart and her attorney Carlos Moore. Docket No. 136. Although the motion is not fully briefed, the undersigned is cognizant of the Supreme Court's admonition that fee disputes "should not result in a second major litigation," and desires to resolve the issue before the parties expend more resources on their response and rebuttal. *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quotation marks and citation omitted).

In granting Belhaven's motions for sanctions and summary judgment, the Court held Stewart and Moore accountable for failing to comply with their discovery obligations. Docket No. 134. The Order first recited how "an appropriate discovery sanction will take into account principles of deterrence, restitution, and punishment in proportion to the significance of the violation," then settled on a monetary amount and directed payment to particular injured stakeholders. *Id.* at 2 (citation omitted).

Belhaven presses for additional sanctions, essentially to advance its interest in restitution. But that interest, important as it is, has to be weighed alongside the deterrent effect and punishment inflicted by the sanctions (including factual findings that will have continuing resonance to Stewart and Moore), in proportion to the severity of the offense. And the balancing of all of those factors does not, in the undersigned's opinion, support an increased award.

The motion is denied.

**SO ORDERED**, this the 26th day of September, 2017.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE